PER CURIAM:
The Claimant brought this action for vehicle damage which occurred when *139 her 2004 Dodge Durango was damaged after the vehicle encountered ruts on Limestone Road, an unimproved road, in St. Marys, Pleasants County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on December 5, 2008. The Claimant had been living on Limestone Road since November of 2008. The Claimant contends that the Respondent rarely maintains this road despite numerous complaints that she and her husband have made regarding the road’s condition. A creek crosses under the road which washes out the gravel, contributing to the defective condition of the road. On the day of the incident, Claimant’s vehicle’s tires sunk into a rut causing the vehicle to edge over into a ditch. As a result, the Claimant’s vehicle sustained damage to its running board in the amount of $259.70.
The Claimant contends that the Respondent should have installed a culvert or placed additional gravel to improve the general condition of the road. The Claimant stated that in spite of a representation made by an employee of Respondent that the road would be maintained after her house was built in 2008, the Respondent has failed to do so.
The Claimant’s father-in-law, William Houser, testified that he also lives on Limestone Road. He stated at the time that the Claimant and her husband were building their home, he contacted the Respondent regarding the condition of the road. Mr. Houser stated that he has lived at his residence on Limestone Road since 1979 where his son grew up. He further stated that his son was aware that the Respondent did not actively maintain Limestone Road. He contends that the Respondent has failed to take measures to repair the road. He explained that the road has problems with water drainage, creating dangerous conditions in the winter due to the slope of the road.
The position of the Respondent is that it is not responsible for the maintenance of an unimproved road. Kaye Ballway, Highway Administrator for the Respondent in Pleasants County, testified that she spoke to the Claimant’s husband, AmoldHauser, regarding the maintenance oftheroad on June 12,2007. Ms. Ballway explained to Mr. Hauser that Limestone Road is an unimproved road. She explained to him that he needed to apply for a permit to bring the road up to the Respondent’s specifications before the Respondent could maintain it. Ms. Ballway stated that no maintenance has been performed on Limestone Road during the 31 years that she has been the Highway Administrator in Pleasants County.
Christopher Weekley testified that he works for the Respondent’s permit department in District Three (encompassing Pleasants County). Mr. Weekley testified that the Respondent does not allocate money for maintaining unimproved roads because of the extremely infrequent use by motorists. If an individual moves into an area next to an unimproved road, he or she can apply for a permit to bring the road within the Respondent’s maintenance schedule. The individual, however, must first bring the road up to the Respondent’s specifications before the Respondent will maintain the road. The evidence of record indicates the Claimant has not filed for a permit.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. *140 103 (1986).
In the instant case, the Court is of the opinion that the Respondent was not negligent in its maintenance of Limestone Road. Homeowners are first required to obtain a permit to bring an unimproved road up to the Respondent’s specifications before the Respondent will maintain the road. Since the Claimant has failed to do so, the Respondent cannot be held responsible for any damage to the Claimant’s vehicle that resulted from the condition of this unimproved road.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.